# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2013

No. 12-60520
Summary Calendar

Lyle W. Cayce
Clerk

SHEIKH NAJAM ALI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 659 899

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner Sheikh Najam Ali, a native and citizen of Pakistan, seeks review of an order of the Board of Immigration Appeals (BIA) that dismissed his appeal and affirmed the Immigration Judge's (IJ's) order. The IJ found Ali inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) and ineligible for both

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withholding of removal under 8 U.S.C. § 1231(b)(3) and relief under the Convention Against Torture (CAT).[1]  We deny his petition.

Ali asserts that the BIA erred in finding that he falsely represented himself as a United States citizen to vote and is thus inadmissible.  *See* § 1182(a)(6)(C)(ii).  We address the order of the BIA, and we consider the underlying decision of the IJ to the extent it affected the BIA's decision. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  In do doing, we review the BIA's factual conclusions for substantial evidence and questions of law de novo.  *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  Under the substantial evidence standard, we will not reverse unless the evidence not only "supports a contrary conclusion, but . . . *compels* it."  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted) (emphasis in original).

Section 1182(a)(6)(C)(ii) states that an "alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible."  Ali had the burden of demonstrating that he was not inadmissible.  *See* 8 U.S.C. § 1229a(c)(2)(A). The inadmissibility charge was supported by (1) a signed voter registration form from 1999 with a hand-checked box indicating that Ali was a U.S. citizen, (2) Ali's name and signature on the voting register for a 2001 local election, and (3) a letter from the county clerk noting no discrepancies between the number of voters who signed the register and the number of votes cast in a 2001 election at that station.  Following hearings, the IJ determined that Ali was only "generally credible at best" and that his testimony fell "short of a cogent

---

[1] United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, ratified as implemented by the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. 105–277, Div. G, § 2242(b), 112 Stat. 2681 (1998).

explanation that would establish that the respondent did not make a false claim for purposes of registering to vote . . . ." Noting that United States Citizenship and Immigration Services treats an alien's signing a voter registration card that specifically asks if the applicant is a United States citizen as a qualifying false claim under § 1182(a)(6)(C)(ii), the BIA confirmed the IJ's conclusion that Ali made his false representation of citizenship to obtain a benefit.

In his petition for review, Ali reiterates his own testimony that he did not make the false claim of citizenship to obtain a voter registration card or to vote, and, without citation to the record, he avers that the county clerk's election report was insufficient to show that he voted. These unsupported assertions do not compel a result different from the reasonable inference made by the BIA from the evidence in the record. *See Zhang*, 432 F.3d at 344. To the extent that Ali contends that any false claim of citizenship on the voter registration was not made "knowingly," the evidence supports the IJ's implicit conclusion that Ali's representation was knowing because he did it for the purpose of obtaining a voter registration and voting. Ali's conclusional contention is insufficient to require a result different from that of the BIA. *See id.*

Ali also challenges the BIA's determination that he is not eligible for withholding of removal. *See* § 1231(b)(3). "To be eligible for withholding of removal, an applicant must demonstrate a clear probability of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id*. To establish persecution, Ali must show that he will suffer harm as punishment for possessing a belief or characteristic that a persecutor seeks to overcome. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). To succeed, Ali must present specific, detailed facts demonstrating a reason to fear that he will be singled out for persecution because of his race,

religion, nationality, membership in a particular social group, or political opinion. *Id*. Morever, he "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least *one central reason for persecuting* the applicant." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation and citation omitted). The BIA's determination of eligibility for withholding of removal is a factual one that we review for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

In his petition for review, Ali reiterates his hearing testimony that he is a Shia Muslim who supported the Ahmadi community by publishing two advertisements for an Ahmadi celebration, as a result of which he was threatened. The 2009 United States State Department Human Rights Report, Ali contends, provides objective support for his fears of persecution. The Report states generally that Shia, Christians, and Ahmadis have been targets of religious violence and that Ahmadis have faced a number of restrictions on their activities, as well as targeted physical and legal attacks. Ali insists that the IJ ignored his claim that he faced persecution because of his identity as a Shia Muslim and that the BIA "disingenuously" dismissed his claim that he would suffer persecution as an identified supporter of the Ahmadia.

In holding Ali ineligible for withholding of removal, the BIA noted that he had testified to no past mistreatment in Pakistan. Although it acknowledged that Ali stated a fear of persecution because of the two paid advertisements for Ahmadi celebrations which he ran in his Pakistani community newspaper, the BIA concluded that the record evidence failed to establish that non-Ahmadi individuals like Ali, who are perceived to be supporters of that group, are subject to the same mistreatment as members of the Ahmadi community. The BIA further concluded that the fear of persecution that Ali expressed because he was a Shia Muslim was undermined by the fact that Ali had several family members

living in Pakistan about whom he had not testified or adduced evidence of any persecution that they had faced on the basis of their religious beliefs.

Ali's contentions before us, reiterating his hearing testimony and the general reports of the persecution of the Ahmadia, are insufficient to show that non-Ahmadi who are perceived to be Ahmadi supporters face the same persecution in Pakistan as do the Ahmadia themselves. As for the probability of harm he would face as a Shia Muslim in Pakistan, he cites only to the general statement in the Human Rights Report, indicating that Christians, Shia Muslims, and Ahmadis have been targets of violence. That statement does not compel a conclusion different from the BIA's, particularly in light of the absence of evidence that members of Ali's family who currently live in Pakistan have experienced persecution on the basis of their Shia faith. Ali has failed to show that the BIA's determination that he was ineligible for withholding of removal is not supported by substantial evidence. *See Zhang*, 432 F.3d at 344.

To the extent that Ali challenges the IJ's exclusion of documents that were untimely filed, he failed to brief a claim in support of this issue and has thus abandoned it. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Ali further contends that the BIA erred in concluding that he failed to show eligibility for CAT relief. To obtain such relief, an alien must show that it is more likely than not that he will suffer torture if he is deported to his home country. 8 C.F.R. § 208.16(c)(2); *Zhang*, 432 F.3d at 344. The CAT defines torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). A showing of torture therefore requires the clearing of a higher evidentiary bar than does a showing of persecution. *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). We review for substantial

evidence the BIA's factual determination that Ali was not eligible for CAT relief. *See Chen*, 470 F.3d at 1134.

The BIA ruled that, as he had failed to show a clear probability of *persecution*, Ali had not produced sufficient persuasive evidence that, if returned to Pakistan, he faced a likelihood of *torture* because of his perceived sympathy for the Ahmadia. The BIA also determined that, before the IJ, Ali had not sought CAT relief based on his status as a Shia Muslim; but that, in any event, although there were documented cases of mistreatment of Shia Muslims by the Pakistani government or individuals the government failed to control, Ali had not established that he personally faced a sufficient probability of torture as a Shia Muslim. In his petition for review, Ali claims generally, and without citation to the record, that there is evidence that Muslim fundamentalists, both within and outside of the government, have harmed Shias and Ahmadis. In support, Ali cites his own hearing testimony and claims vaguely, also without citation to the record, that his testimony is "corroborated by voluminous background reports." Ali's conclusional and unsupported assertions are insufficient to compel us to reject the BIA's determination that Ali failed to show it to be more likely than not that he would be tortured if returned to Pakistan. *See Zhang*, 432 F.3d at 344.

Ali's petition for review is DENIED.